# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULES WAGUESPACK | CIVIL ACTION |
| VERSUS | 10-692 |
| PLIVIA USA, INC., BARR PHARMACEUTICALS, INC., ACTIVIS INC., and ACTAVIS ELIZABETH LLC, TEVA PHARMACEUTICALS USA, INC. | SECTION "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendants Actavis Inc. and Actavis Elizabeth LLC (Doc. #4), is **GRANTED**, as to plaintiff's claims for negligence, strict liability, implied warranty, or misrepresentation, and **DENIED** as to plaintiff's claims under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, *et seq.*

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant Pliva Inc. (Doc. #11), is **GRANTED**, as to plaintiff's claims for negligence, strict liability, implied warranty, or misrepresentation, and **DENIED** as to plaintiff's claims under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, *et seq.*

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant Teva Pharmaceuticals USA Inc. (Doc. #15), is **GRANTED**, as to plaintiff's claims for negligence, strict

liability, implied warranty, or misrepresentation, and **DENIED** as to plaintiff's claims under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, *et seq.*

## BACKGROUND

Plaintiff, Jules Waguespack, alleges that he sustained personal injuries as a result of being prescribed and ingesting Reglan®, and/or its bioequivalent generics, metoclopramide, and/or metoclopramide HCl, which were manufactured, marketed, and/or distributed by defendants.[1] Plaintiff alleges that after taking the drug, he exhibited abnormal movements that are associated with the drug and that he sustained permanent and disabiling injuries, including injuries associated with the central nervous system and extrapyramidal motor system. Plaintiff claims that his injuries resulted from the defendants' dissemination of inaccurate information regarding the long-term use of the drug and failure to warn of permanent and debilitating side effects. Plaintiff alleges that Actavis Inc., Actavis Elizabeth LLC (collectively "Actavis"), Pliva Inc. ("Pliva"), and Teva Pharmaceuticals USA Inc. ("Teva"), (collectively "defendants") manufactured, marketed, and distributed the drug. Plaintiff specifically alleges that defendants had a duty to warn of any potential side effects, and that they failed to investigate the accuracy of their drug labels, failed to review the medical literature for the drug, and failed to provide proper warnings of side effects. Further, plaintiff alleges that defendants concealed certain facts regarding the drug's potential for causing neurological disorders such as tardive dyskinesia.

Actavis filed a motion to dismiss, arguing that plaintiff's complaint fails to state a claim against it. Actavis argues that plaintiff's complaint is inadequate because he fails to state: (1) when

---

[1] These prescription medications are used to treat heartburn caused by gastroesophageal reflux in people who have used other medications without relief of symptoms and slow gastric emptying in people with diabetes. www.drugs.com/reglan.html.

2

and why he was prescribed the drug, (2) the dosage he used, (3) how long he used the drug, and (4) whether he used Reglan® or the generic version of metoclopramide. Actavis contends that plaintiff's complaint and opposition alleging that he filled prescriptions for Reglan®/metoclopramide four times over the course of four months does not provide information as to whether those prescriptions were Actavis products. Actavis claims that without such allegations, it is not clear whether Actavis is a proper party and plaintiff cannot show that he is entitled to relief against Actavis. Actavis also argues that plaintiff cannot assert claims for negligence, strict liability, implied warranty, or misrepresentation because the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, *et seq.*, provides the exclusive theories of liability for manufacturers for damage caused by their products. Further, Actavis contends that plaintiff has not stated a claim for products liability under the LPLA because he has not shown that there is an alternative design available that was capable of preventing his damage, or that the burden on the manufacturer of adopting the alternative design was outweighed by the gravity of his damage. Actavis additionally argues that plaintiff has not stated a claim for breach of an express warranty under the LPLA because he has not provided information regarding his use of the drug. Actavis contends that plaintiff has not stated a claim for failure to warn under the LPLA because he cannot identify a specific characteristic in the drug that may cause injury or adverse side effects. Finally, Actavis claims that plaintiff does not cite language indicating an express warranty breached by Actavis, and that it may instead be an implied warranty claim, which LPLA does not provide.[2] Pliva has adopted Actavis' motion to dismiss, adding that plaintiff's design defect claim

---

[2] Actavis filed a reply memorandum in which it withdrew its Motion to Dismiss as to all issues except plaintiff's express warranty claim.

3

is not sufficiently pleaded in that plaintiff fails to describe how the Reglan®/metoclopramide he ingested deviated from manufacturer's specifications or performance standards.[3]

Teva argues plaintiff's complaint is inadequate in that he fails to state (1) the manufacturer of the specific medication he took, and (2) facts supporting his allegation of agency/joint action. Teva additionally contends that plaintiff has asserted a negligence claim, which is not available to him under LPLA.[4] Further, Teva claims that plaintiff's allegations of a parent-subsidiary relationship between itself and Pliva does not give rise to liability on the part of the parent company, Teva, for acts undertaken by its subsidiary, Pliva.

Plaintiff argues that: (1) defendants have fair notice of the claims against them, (2) paragraphs 72 to 78 of the complaint provide sufficient notice of his LPLA claims, (3) the amount of time Reglan®/metoclopramide was prescribed is set forth in paragraph 29 of the complaint, (4) the "risk" not warned of was revealed in the complaint as tardive dyskinesia and other extrapyramidial side effects, and (5) he allegedly ingested Reglan®/metoclopramide manufactured by Teva, as stated in the complaint.

---

[3] Pliva also asserted defenses of improper venue, lack of subject matter jurisdiction, lack of personal jurisdiction, failure to join all necessary and appropriate parties, and that it is not a proper party-defendant. The court will consider these defenses if and when Pliva files a proper motion regarding the merits of such defenses. Pliva additionally requested that plaintiff's claim for attorney's fees be dismissed, and plaintiff has agreed to withdraw that claim.

[4] Teva also moved to dismiss plaintiff's fraud claim. However this motion is moot because plaintiff avers that he has not brought a fraud claim.

## ANALYSIS

**1. Legal Standard**

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**2. Defendants' Motions to Dismiss**

Defendants argue that plaintiff has not pleaded sufficient facts to state a claim for relief against them because he did not allege when and why he was prescribed the drug, which dosage he used, how long he used it, how the drug deviated from manufacturer standards, and/or which manufacturer made the drug he took. Further, defendants contend that plaintiff failed to plead claims for products liability and failure to warn under the LPLA. Finally, Teva claims the parent-subsidiary relationship between itself and Pliva, does not give rise to liability on the part of the parent company, Teva, for acts undertaken by its subsidiary.

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of

5

what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

Plaintiff's complaint meets the pleading requirements of Rule 8(a)(2) because defendants are given fair notice of the claims against them, namely, plaintiff is alleging that defendants manufactured a drug which plaintiff took that caused him harm because there was something wrong with the drug about which doctors and patients were not warned. Plaintiff also alleges that there was an alternative design available. Plaintiff is not required to prove the merits of his claim at the pleading stage, but only to give fair notice. Defendants have fair notice of the claims against them, and can obtain the sought after details through discovery.

However, as to plaintiff's claims against manufacturers, the LPLA "contains an exclusive remedy provision limiting a plaintiff's theories of recovery against a manufacturer of an allegedly defective product to those established by the LPLA." LA. REV. STAT. § 9:2800.52. Therefore, any of plaintiff's claims which extend beyond those enumerated in the LPLA are unavailable to plaintiff.[5]

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendants Actavis Inc. and Actavis Elizabeth LLC (Doc. #4), is **GRANTED**, as to plaintiff's claims for negligence, strict

---

[5] Teva requests plaintiff be compelled to make a more definite statement under Federal Rule 12(e) regarding allegations of an agency or concert of action between the defendants. Plaintiff has not alleged agency claims, but rather that the defendants were manufacturers of the products at issue.

6

liability, implied warranty, or misrepresentation, and **DENIED** as to plaintiff's claims under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, *et seq.*

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant Pliva Inc. (Doc. #11), is **GRANTED**, as to plaintiff's claims for negligence, strict liability, implied warranty, or misrepresentation, and **DENIED** as to plaintiff's claims under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, *et seq.*

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant Teva Pharmaceuticals USA Inc. (Doc. #15), is **GRANTED**, as to plaintiff's claims for negligence, strict liability, implied warranty, or misrepresentation, and **DENIED** as to plaintiff's claims under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, *et seq.*

New Orleans, Louisiana, this 24 day of May, 2010.

MARY ANN VIAL LEMMON
**UNITED STATES DISTRICT JUDGE**